UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONYA R. BETSEY<br>    Plaintiff<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORP.<br>&<br>EQUIFAX INFORMATION SERVICES LLC<br>    Defendants | COMPLAINT<br><br><br><br><br><br><br><br>FEBRUARY 17, 2009 |

## I. INTRODUCTION

1. This is a suit brought by a consumer, Sonya R. Betsey, against Defendants Nissan Motor Acceptance Corporation and Equifax Information Services LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## II. PARTIES

2. Plaintiff, Sonya R. Betsey, is a natural person residing in East Hartford, Connecticut. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c), and as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3. Defendant Nissan Motor Acceptance Corporation ("NMAC") is a California corporation and is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2.

4. Defendant Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, located in Georgia and is a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

## III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331

and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

7. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

## IV. FACTUAL ALLEGATIONS

8. On or around October 16, 2005, Plaintiff co-signed on a retail installment sales contract to purchase a vehicle with financing through NMAC.

9. The next day, the dealer who sold the car informed Plaintiff that there was a problem with the contract she had signed, and that she would need to sign a new one.

10. The dealer gave Plaintiff new contracts, which were "blank," and Plaintiff signed those contracts and was not given copies at that time.

11. A few months later, the plaintiff began to receive collection calls, so she returned to the dealer and requested the documents she had signed, and it was at that time she learned that she was the only purchaser listed on the retail installment sales contract. The car was never given to Plaintiff, it has since been repossessed, and the account has since been transferred to a debt collector.

12. On February 14, 2008, Plaintiff, through counsel, sent a letter to NMAC's counsel advising them of what happened and demanding that NMAC remove any negative reporting regarding the account from Plaintiff's credit reports.

13. In response, on April 21, 2008, NMAC's counsel sent a letter to Plaintiff's counsel stating that NMAC refused to release Plaintiff from any obligations under the blank contract she had signed.

14. On February 29, 2008, Equifax provided to Plaintiff a credit report that showed NMAC's account as charged off and the car as repossessed.

15. On April 28, 2008, Plaintiff, through her counsel, sent a dispute letter to Equifax disputing the debt reported by NMAC on her Equifax report. The dispute letter included as an attachment the aforementioned February 14, 2008 letter.

16. Plaintiff subsequently applied for credit with Lane Bryant, and on or around September 8, 2008, Plaintiff received a letter from Lane Bryant stating that it had rejected Plaintiff's credit application due to information contained on Plaintiff's Equifax report.

17. On October 6, 2008, Equifax provided to Plaintiff a credit report that showed NMAC's debt charged off absent any notice of a dispute from Plaintiff.

18. On December 26, 2008, a credit report received through creditchecktotal.com showed Equifax reporting the NMAC account as bad debt, charged off, and placed for collection.

## FIRST CAUSE OF ACTION
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant NMAC**

19. Plaintiff incorporates Paragraphs 1-18.

20. NMAC is a person as that term is defined by the FCRA, § 1681a(b), and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

21. Pursuant to FCRA § 1681s-2(b), NMAC has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Plaintiff lodged with Equifax. NMAC knew or should have known, when it received notice of Plaintiff's dispute of the account from Equifax, that Plaintiff disputed the account because it had received notice of Plaintiff's dispute via a letter dated February 14, 2008.

22. NMAC violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's dispute when requested to do so by Equifax and failing to inform the consumer reporting agencies such as Equifax that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

23. NMAC's failure to correct the disputed information and its continued reports to a third party such as Equifax stating Plaintiff has a past due and charged off amount of $6,230 constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

24. As a result of NMAC's failure to correct the disputed information, Plaintiff was denied credit from Lane Bryant.

25. For its willful violations of the FCRA, NMAC is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

26. For its negligent violations of the FCRA, NMAC is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

**SECOND CAUSE OF ACTION**
**Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* – Defendant Equifax**

27. Plaintiff incorporates Paragraphs 1-18.

28. Equifax is a person as that term is defined by the FCRA, § 1681a(b), and a consumer reporting agency as contemplated by the FCRA.

29. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Plaintiff lodged with Equifax.

30. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the NMAC account when requested to do so.

31. Equifax's failure to correct the disputed information and its continued reports to third parties such as Equifax that Plaintiff owed a non-disputed balance to NMAC constitute willful and/or negligent violations of FCRA § 1681i.

32. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

33. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff was denied credit by Lane Bryant.

34. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

35. For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

WHEREFORE, Plaintiff seeks recovery of monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1692k; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; and such other relief as this Court deems appropriate.

PLAINTIFF, SONYA R. BETSEY

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mgraeber@consumerlawgroup.com